McCunn, J.
(concurring). I agree that the order appealed from should be reversed.
The true test of whether bodies of men discharging public' duties under a special law can be sued by a corporate title, is whether they have or have not funds and property under their control, in their public capacities, out of which they can respond in actions brought against them (Russell v. The Men of Devon, 2 Term, R., 669). Now the Metropolitan Fire Department possess, in their corporate capacities, moneys and supplies, also tools, horses, implements, appurtenances, &c., &c., to be used in extinguishing fires; and they are also, in their corporate capacities, authorized to buy, sell, and construct, and are enabled to bring suits upon contracts made by them for supplies, &c., and to recover for fines and penalties imposed by the act of 1862.
Indeed, the power of the department to sue in any form, and for any purpose, is not restricted in any way. It may institute and maintain suits and proceedings; it may pay costs and expenses in judgments recovered against it, in the name of its *237 president, for .the enforcement of its rights and contracts, and the protection, possession, and maintenance of the property under its control.
Further, these fire commissioners are trustees, and the department a public board; consequently, they are a corporation (People v. Pinckney, 32 N. Y., 377). Moreover, they possess the power and have every insignia of a corporation. Its board is created and controlled by sovereign authority (1 Bla. Com., 500). It is perpetual (1 ib., 502). They have succession, a corporate title, and a corporate seal. They have capacity to sue, and surely, possessing all these rights, when they or any of their servants place their body in the wrong, or do any injury to another, or to his property, is it not reasonable to expect that a remedy can be enforced against them ? If not, where is the remedy ? To uphold a contrary view is to deprive the plaintiff of all compensation for the wrong done, and to put the life of our citizens at the mercy of these commissioners.
When a wrong is committed by an agent, the doctrine is “ respondent superiorbut the defendants have no superior, nor can any of the members of the commission be made individually liable, until it can be shown that he knowingly and wilfully, and to a degree that was criminal, permitted or caused the act to be done.
A careful consideration of the decisions of the English and American cases will show that many instances can be found in both countries where the courts have gone beyond enforcing the liability of public bodies to be sued, in cases which do not arise out of any contract, and that in principle there is no reason for such exemption. Surely, if they can be sued for a breach of contract, as is admitted they can, they most certainly can also be sued for a wrong or an injury; indeed, I cannot see the distinction.
The proposition that the members of the Board must be sued individually has no virtue. Such a course would prevent reputable citizens from accepting responsible public positions. To say that" the Board cannot be sued, is saying, in law, that there *238 are cases of admitted legal injuries for which there is no redress or remedy. This doctrine I cannot subscribe to; on the contrary, I have always held that wheresoever there is a wrong committed our laws provide a remedy.
The order sustaining the demurrer should be reversed.